UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>ZOETIS, INC., et al.,<br><br>Defendants. | Case No. 24-cv-06528-NW<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 18 |

Plaintiff, California Spine and Neurosurgery Institute dba San Jose Neurospine ("SJN"), brings this Employee Retirement Income Security Act of 1974 ("ERISA") action against Defendants Zoetis Inc. ("Zoetis Defendant" and/or "Zoetis") and United Healthcare Services, Inc. and United Healthcare Insurance Company (together "United Defendants" and/or "United") (collectively, "Defendants"). Defendants move to dismiss SJN's complaint under Fed. R. Civ. Pro. 12(b)(6). Mot. to Dismiss, ECF No. 18. On April 8, 2025, the Court granted the parties' stipulation to waive oral argument pursuant to N.D. Cal. Civ. L. R. 7-1(b), and vacated the hearing date. ECF No. 39. Having considered the parties' briefs and the relevant legal authority, the Court DENIES Defendants' motion.

**I.     BACKGROUND**

SJN alleges the following facts in its complaint. Compl., ECF No. 1. SJN is an out-of-network health care provider (*i.e.*, a provider that does not have a written contract with any health plan) located in California. Zoetis is a New Jersey corporation with its principal place of business in Parsippany, New Jersey. Zoetis sponsors the Zoetis Plan, which is a self-funded employee benefit plan (the "Plan") governed by ERISA. The United Defendants are Minnesota corporations headquartered in Minneapolis, Minnesota. The United Defendants are third-party administrators

of the Plan.

On December 4, 2023, SJN provided surgical services to Patient CHA-EPP (the "Patient"), a Zoetis Plan beneficiary member. Prior to the surgery, the patient "properly conveyed and transferred all pertinent rights" to SJN, "through a valid written assignment." *See* Compl., Ex. 1 ("Assignment of Benefits").

On November 16, 2023, SJN called United to verify the Patient's insurance coverage for the Patient's anticipated surgical services and documented the discussion on a standardized "new patient intake" form. *See* Compl., Ex. 5. United's representative relayed to SJN "that for Patient CHA-EPP's plan, 'Out-of-Network Reimbursement Determination' for provider co-insurance would be at 90% of usual and customary and the Provider's co-insurance would be at 60% and not based on a Medicare Fee schedule." On November 20, 2023, SJN called United again, and United verified the Patient's insurance information and confirmed the previously relayed reimbursement determination. On November 22, 2023, United approved two procedures for the Patient, and sent an authorization letter to the Patient and SJN. *See id*., Ex. 6. A few days before the surgery, SJN informed the Patient that SJN was an out-of-network provider and shared a surgery cost estimate and out-of-network consent form, which the Patient signed. *See id*., Ex. 7. SJN relied on United's representations and provided surgical services to the Patient. "SJN would not have provided surgery services but for these advanced coverage representations that the Defendants made."

On December 7, 2023, SJN submitted a claim of $57,500 to United for the surgery services SJN provided to the Patient. SJN indicated that the claim was being processed by way of assignment. On February 12, 2024, United provided SJN with an explanation of benefits and paid $1,186.70, which was 2.1% of the billed costs. SJN appealed United's determination of the claim. *Id*., Ex. 12.

Plaintiff contends that "Defendants failed to address SJN's appeal in accordance with its Plan terms and failed to honor SJN's request for documents," rendering the appeals process "futile." SJN now "seeks redress on behalf of a patient plan member for two separate types of harms: (1) improper denials of medical insurance benefits and (2) violations of owed fiduciary duties by Defendants."

## II. LEGAL STANDARD

Under Fed. R. Civ. Pro. 12(b)(6), a complaint or cause of action can be dismissed where the pleading fails to state a claim upon which relief can be granted. To survive a motion to dismiss on those grounds, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must accept the well-pleaded allegations of fact in the complaint as true, and must construe those facts—and all inferences from those facts—in the light most favorable to the Plaintiff. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). But the Court need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Under ERISA, a beneficiary or plan participant may sue in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."). "ERISA does not forbid assignment by a beneficiary of his right to reimbursement under a health care plan to the health care provider." *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam). Accordingly, "a health care provider in appropriate circumstances can assert the claims of an ERISA participant or beneficiary." *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).

## III. DISCUSSION

SJN brings two causes of action: (1) failure to pay ERISA Plan benefits under 29 U.S.C. § 1132(a)(1)(B), and (2) breach of fiduciary duties of loyalty and due care in violation of

§ 1132(a)(3). SJN additionally seeks attorney's fees and costs under § 1132(g)(1).

Defendants move to dismiss SJN's claims, arguing that: (1) SJN is barred from suing based on the Plan's anti-assignment provision; (2) SJN failed to state a claim for Plan benefits; (3) SJN failed to state a claim for breach of fiduciary duty; and (4) United Healthcare Insurance Company is an improper party.

### 1.  SJN is Not Barred by the Anti-Assignment Provision

Defendants argue that SJN lacks a valid derivative right to sue because the Plan contains an anti-assignment provision. Mot. at 15. As a general matter, "[a]nti-assignment clauses in ERISA plans are valid and enforceable." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014). There are, however, exceptions that render anti-assignment provisions unenforceable, including, as SJN argues, that United waived the anti-assignment provision. *California Spine & Neurosurgery Inst. v. Blue Cross of California*, 811 F. App'x 429 (Mem) (9th Cir. 2020).

Under Ninth Circuit precedent, "a plan administrator can waive the right to enforce an anti-assignment provision." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 440 (9th Cir. 2020). To adequately allege waiver, SJN needs to allege that United "was aware, or should have been aware, during the administrative [claims] process that [SJN] was acting as its patients' assignee." *Spinedex*, 770 F.3d at 1296-97 (explaining that "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court."); *see also Blue Cross of California*, 811 F. App'x at 430 (in another case with similar allegations, Ninth Circuit found that SJN had adequately alleged that defendant waived an anti-assignment provision where SJN notified defendant and submitted reimbursement claim indicating it was an assignee); *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012) ("ERISA and its implementing regulations are undermined where plan administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary." (internal quotation marks and citations omitted)).

SJN's complaint meets this standard. SJN alleges that it communicated with United in

advance of providing surgical services to the patient to confirm the scope of coverage and payment SJN would receive, submitted a claim that denoted it was the assignee, and United paid a portion of the claim directly to SJN and denied the balance for reasons unrelated to the assignment. On these facts, SJN has adequately alleged that United waived its anti-assignment provision defense.

### 2. SJN Adequately Stated a Claim for ERISA Benefits

Defendants move to dismiss SJN's first claim for benefits under ERISA § 1132(a)(1)(B) for failure to state a claim. Defendants argue that SJN has not identified which Plan terms demonstrate a breach or warrant additional benefits, and in the alternative, that SJN's negligent misrepresentation claim is preempted.

Section 1132(a)(1)(B) provides that a plan participant may bring a civil action "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The plaintiff must allege "the existence of an ERISA plan, and identify the provisions of the plan that entitle [them] to benefits." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020) (quotation omitted). "Plaintiff need not recite every relevant term of every relevant plan." *ABC Servs. Grp., Inc. v. Aetna Health & Life Ins. Co.*, No. 22-55631, 2023 WL 6532648, at *1 (9th Cir. Oct. 6, 2023) (holding that while plaintiff did not need to recite every plan term, plaintiff needed greater specificity than alleging "dozens of insurers with distinct plans all violated the same generalized obligation to reimburse"). The pleading standard under Fed. R. Civ. Pro. 8 "does not require 'detailed factual allegations,' but it 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Here, SJN met the standard. SJN identified a specific ERISA plan – the 2023 Zoetis Plan, and alleged that a United representative confirmed in advance that the Plan would apply to the Patient's services and that "co-insurance would be at 90% of usual and customary and the Provider's co-insurance would be at 60% and not based on a Medicare Fee schedule." Compl. ¶ 24. SJN has adequately shown that a specific Plan exists, and that it relied upon representations

from United that certain Plan benefits (as identified by United) would cover the surgical services SJN would provide to the Patient. Prior to Defendants' motion to dismiss, Plaintiff did not have access to the Plan, and was therefore unable to identify the Plan's applicable provisions. SJN should not be expected to guess which Plan provisions are relevant when Defendants are the Plan administrators and Plaintiff verified Plan coverage with Defendants on multiple occasions prior to providing services to the Patient. At this stage, Plaintiff has adequately and plausibly pled that Defendants failed to pay benefits under the 2023 Zoetis Plan.

Defendants alternatively argue that "it is unclear whether Plaintiff seeks to assert a state-law negligent misrepresentation claim theory of recovery with its ERISA § 1132 (a)(1)(B) claim," and if Plaintiff does bring a state-law negligent misrepresentation claim, it is preempted. Mot. at 8. Plaintiff only brings claims under 29 U.S.C § 1132 *et seq.*, for enforcement of federal ERISA rights. Plaintiff does not assert that it brings any state law claims, and Plaintiff clarifies that it views its negligent misrepresentation claim as "falling under federal jurisdiction" as a "direct challenge to the enforcement of ERISA rights." Opp'n at 16.

Defendants' motion to dismiss for failure to state an ERISA claim for benefits is denied.

### 3.     **Plaintiff Adequately Stated a Claim for Breach of Fiduciary Duties**

Defendants next argue that Plaintiff's second claim for breach of fiduciary duties under § 1132(a)(3) and §§ 1104(a)(1)(A)-(B) should be dismissed for failure to state a claim.

Section 1132(a)(3) provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021).

In accordance with the duty of loyalty under § 1104(a)(1)(A), fiduciaries must "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii)

defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). Additionally, in carrying out the duty of care under § 1104(a)(1)(B), fiduciaries must also act "with the care . . . that a prudent man" would. 29 U.S.C. § 1104(a)(1)(B).

Here, Defendants do not contest that they are fiduciaries of the Plan. *Bafford*, 994 F.3d at 1026. SJN adequately alleged that Defendants acted in violation of their fiduciary duties of loyalty and care by alleging Defendants misrepresented coverage, misrepresented reimbursement rates, and issued deficient explanations of benefits. SJN asserts that these actions were not undertaken with the care of a "prudent" administrator. *Id*. Finally, SJN alleges that it suffered damages because Defendants did not honor the rates it quoted SJN prior to SJN performing surgery on the Patient, and SJN relied on Defendants' coverage determination. SJN adequately stated a claim for breach of fiduciary duties.

Within this argument Defendants again contend that Plaintiff failed to point to a relevant Plan provision to support its claim for breach of fiduciary duties. Defendants' argument is unavailing. Defendants can plausibly breach their fiduciary duties regardless of whether they breached specific obligations in the Plan. *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935, 945 (N.D. Cal. 2024) (discussing § 1104(a)(1)(B), "[i]t is plausible that the defendants could have breached their duty of prudence even while complying with the terms of the Plan Document.") (citing *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014)).

Defendants additionally argue that Plaintiff's claim under § 1132(a)(3) is duplicative of its § 1132(a)(1)(B) claim because SJN did not allege a breach of fiduciary duty outside of Defendants' alleged denial of benefits. For the same reasons stated above, the complaint plausibly alleges that Defendants violated their fiduciary duties by misrepresenting rates and coverage and by sharing incomplete explanations of benefits. Plaintiff has adequately alleged claims under § 1132(a)(3) as well as § 1132(a)(1)(B). Defendants' motion to dismiss for failure to state a claim for breach of fiduciary duty is denied.

### 4.     United Healthcare Insurance Company is a Proper Party

Defendants argue that United Healthcare Insurance Company ("UHIC") should be dismissed because "UHIC was not responsible for the administration or adjudication of the claims

or Plan." Mot. at 17. Defendants provide no additional support for this argument. SJN points to an authorization for surgical services that was issued by UHIC, *see* Compl. ¶ 26, Ex. 6, and alleges that both United Defendants are third-party administrators of the Plan. Accepting the allegations of fact in the complaint in the light most favorable to Plaintiff, the Court finds that SJN has adequately pled a connection between UHIC and the conduct at issue in this case. The Court denies Defendants' motion to dismiss UHIC as a party.

## IV. REQUESTS FOR JUDICIAL NOTICE

In support of its motion to dismiss, Defendants requested judicial notice of "**Exhibit A** to the Stalinski Decl., which, as declared/testified by Jane Stalinski, is a true and correct copy of the Plan with an effective date of January 1, 2021." RJN, ECF No. 18-4 (emphasis in original). Defendants have not demonstrated that Exhibit A is in fact the 2023 Zoetis Plan at issue, nor that the effective-2021 plan continued to be in effect in 2023. Further, the title of Exhibit A is "Summary Plan Description"; Defendants have not demonstrated that this "summary" is the entire 2023 Zoetis Plan. Because Defendants have not demonstrated that Exhibit A is a source "whose accuracy cannot reasonably be questioned," Defendants' request for judicial notice of Exhibit A is denied. Fed. R. Evid. 201(b)(1)-(2).

Defendants additionally request judicial notice of (i) the Stalinski Declaration, (ii) the fact that the Plan is governed by ERISA, (iii) that the Plan "establishes that Defendants do not pay for out-of-network claims based on the methodologies set forth in the Complaint", and (iv) that the Plan includes an anti-assignment provision. These requests are inappropriate for judicial notice. The Court may only "notice an adjudicative fact if it is 'not subject to reasonable dispute.' Fed. R. Evid. 201(b)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Court denies Defendants' requests.

/ / /

/ / /

/ / /

/ / /

## V.  CONCLUSION

The Court DENIES Defendants' motion to dismiss.  Defendants shall file an answer to the complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 25, 2025

Noël Wise
United States District Judge